*B. Richardson, for appellant.*
*George G. Perkins, for appellee.*

---

R. W. DAVIS *v.* CITY OF COVINGTON.

**Cities—Repair of Sidewalks—Liability for Damages.**
> While it is the duty of a city to keep its sidewalks in repair and free from obstructions, it does not guarantee that they will be so kept at all times, under all circumstances; such city is only liable when it has notice, or when the defect has existed long enough for it to acquire information, and fails to use ordinary diligence in removing the obstruction.

APPEAL FROM KENTON CIRCUIT COURT.

February 5, 1875.

OPINION BY JUDGE LINDSAY:

Although it is the duty of the city government of Covington to

keep its sidewalks in repair, and free from obstructions, yet its duty in this regard is not so absolute and imperative as to render the city a guarantor that the sidewalks will be kept clear of obstructions at all times, under any and all circumstances. Before the city can be held liable in a civil action for damages resulting to any person, because of its failure to keep its sidewalks clear, it must be made to appear that the city, after notice, or after reasonable time within which to acquire information, failed and neglected to use ordinary diligence in removing the obstruction.

Instruction No. 1, of which appellant complains, conforms to this view of the law, and is unobjectionable in its phraseology. It correctly states the doctrine as to contributory negligence in a case where the breach of duty complained of is negative in its character. It is not pretended that the city was an active agent in inflicting the injuries sustained by appellant; and if any act of negligence upon his part operated as the immediate cause of the accident, he cannot recover from the city.

Judgment *affirmed.*

*W. I. Dudley, for appellant.*
*John T. Harrison, Carlisle & Foote, for appellee.*